UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JOHN P. CUTLER,

        Defendant.

18-CR-47-LJV
DECISION & ORDER

---

On June 11, 2018, this Court sentenced the defendant, John P. Cutler, to a term of 262 months' imprisonment for receiving child pornography following a prior conviction under New York law for committing a criminal sexual act in the second degree.  *See* Docket Item 34 at 1-2.  Consistent with the parties' plea agreement, Docket Item 17, and the Presentence Investigation Report, Docket Item 24, the Court calculated Cutler's United States Sentencing Guidelines ("USSG" or "Guidelines") range as being 210 to 262 months' imprisonment based on a total offense level of 35 and a criminal history category of III, *see* Docket Item 35 at 1.

In May 2023, the United States Sentencing Commission submitted to Congress an amendment to the Guidelines regarding the calculation of certain defendants' criminal history points.  As relevant here, the amendment reduced the offense level calculation for certain defendants by eliminating or reducing the status points assigned under USSG §4A1.1(d), resulting in a lower Guidelines range.  On August 24, 2023, the Sentencing Commission voted to apply the amendment retroactively, with an effective date of February 1, 2024, and on November 1, 2023, the amendment took effect.

On January 5, 2024, Cutler moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  Docket Item 42.  In that motion, Cutler calculates his new Guidelines range as 188 to 235 months and asks the Court to "issue an Amended Judgment sentencing him to a period of incarceration consistent with the new sentencing range."  *Id.* at 1-2.

Several weeks later, the United States Probation Office filed an Abbreviated Supplemental Presentence Report ("Supplemental PSR"), computing Cutler's Guidelines range as 188 to 235 months under the November 2023 amendment.  Docket Item 44 at 1.  The Supplemental PSR states that "[e]ffective February 1, 2024, the defendant will have served approximately 80 months and 11 days" and that "[h]e has earned 324 days of good time credit thus far."  *Id.*  It further explains that "[a]t present, the defendant's projected release date (without regard to the current motion for a sentence reduction) is December 29, 2035."  *Id.*

On February 26, 2024, the government responded.  Docket Item 47.  The government acknowledges that Cutler "is eligible for a reduction" but argues that "he does not deserve any such reduction given the seriousness of his offense and the danger he poses to children."  *Id.* at 1.

On March 11, 2024, Cutler replied.  Docket Item 48.  He notes that although "[t]he government opposes a reduction based on the offense conduct," those "facts were known to the Court at the time of the sentencing hearing[,] and the government can cite to nothing that wasn't considered by the Court when it imposed its original sentence within the then-applicable range."  *Id.* at 2.  Thus, Cutler argues, "[t]here is every reason to believe the Court today would do exactly what it did originally, which is to sentence [him] at the high end of the applicable [G]uidelines range."  *Id.*

Additionally, Cutler observes that the Court may consider post-sentencing conduct in its analysis of the section 3553(a) factors. *Id.* And, Cutler says, he "has been a model inmate" during the nearly seven years that he has been incarcerated. *Id.* "He has not had any disciplinary infractions, earning all of his good behavior credit," and he "also [has] taken advantage of the programming he has been offered." *Id.*

The parties agree that Cutler's Guidelines range of imprisonment is now 188 to 235 months. This Court concurs. Moreover, this Court agrees with Cutler that the government has not given any good reason to sentence Cutler above the applicable Guidelines range—especially when the Court declined to do so at Cutler's prior sentencing. *See id.* at 3 (Cutler's observing that "[t]he only things that have changed since [his] original sentencing are the sentencing [G]uidelines range and his spotless good behavior while serving his sentence"). This Court found at the time of sentencing that, based on the section 3553(a) factors, a sentence at the high end of the Guidelines range was appropriate. The Court sees no reason why it should do anything different now—particularly given Cutler's exemplary behavior in prison.

Accordingly, this Court hereby GRANTS Cutler's motion, Docket Item 42, and ORDERS that his sentence be reduced to 235 months' imprisonment. The Court will issue an amended judgment.

SO ORDERED.

Dated:   May 24, 2024
         Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE